# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff/Respondent,<br><br>　v.<br><br>JOHN WAYNE ALLEN,<br><br>　　　　　Defendant/Petitioner. | CIVIL CASE NO. 07CV1216 J<br>CRIM CASE NO.  06CR0325 J<br><br>**ORDER DENYING MOTION FOR SUBPOENA AND IN CAMERA REVIEW OF ATTORNEY CASE FILE AND ATTORNEY-CLIENT CORRESPONDENCE** |

　　　Before the Court is Petitioner John Wayne Allen's ("Petitioner") Motion for Subpoena and In Camera Review of Attorney Case File and Attorney-Client Correspondence.  [Doc. No. 53.]  Petitioner requests that the Court subpoena and conduct an in camera review of correspondence and work product related to "specific issues of inadequacy" of his counsel during his plea and sentencing.  (Mot. at 1-2.)  For the reasons set forth below, the Court **DENIES** the Motion.

　　　Unlike usual civil litigants, habeas petitioners are not entitled to discovery as a matter of course.  *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  The Federal Rules Governing Section 2254 Cases provide that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  Fed. R. Governing § 2254 Cases 6(a).  Good cause is demonstrated

1  "where specific allegations before the court show reason to believe that the petitioner may,
2  if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* at
3  908-09 (citing *Harris v. Nelson*, 394 U.S. 286, 299 (1969)).

4  Petitioner has failed to show good cause for discovery to prove his claim of
5  ineffective assistance of counsel.  First, Petitioner does not indicate whether he has
6  requested copies of his case files from the attorneys who represented him during his plea
7  and sentencing.  Petitioner seeks information regarding his own case and held by his former
8  attorneys.  He should not have to resort to formal discovery to obtain such material.
9  Petitioner and his former attorneys should work together to ensure that Petitioner has been
10 provided access to his case files.  If Petitioner is refused access to the files in the future, he
11 may refile this motion as to this request.

12 Second, Petitioner has failed to demonstrate that the contents of his case file are
13 necessary to prove his claim of ineffective assistance of counsel.  Petitioner asserts that his
14 attorneys were ineffective for failing to argue that his criminal history category
15 overrepresented the actual seriousness of his past criminality.  (*See* Pet. at 6.)  He alleges
16 that he instructed counsel in writing to raise an overrepresentation argument.  (*Id.*)
17 However, Petitioner has failed to demonstrate that the Court must review his case file to
18 determine whether his attorneys were deficient for failing to pursue an overrepresentation
19 argument.  The Court need only examine the transcripts of Petitioner's change of plea and
20 sentencing hearings, the plea agreement, Petitioner's prior convictions, the seriousness of
21 his past conduct, the judgment in Petitioner's case, and the applicable sentencing guidelines
22 to discern whether counsel should have raised an overrepresentation argument.  These
23 materials will enable the Court to decide whether Petitioner's attorneys were deficient and
24 whether Petitioner was prejudiced as a result of counsel's alleged failure to challenge
25 Petitioner's criminal history category.

26 In sum, Petitioner has failed to demonstrate that he has been denied access to his
27 case files or that the files are necessary to establish his claim of ineffective assistance of
28 counsel.  Accordingly, the Court **DENIES** Petitioner's Motion for Subpoena and In

1 | Camera Review of Attorney Case File and Attorney-Client Correspondence.

2 | **IT IS SO ORDERED.**

3 | DATED: August 23, 2007

4 | _____
HON. NAPOLEON A. JONES, JR.
5 | United States District Judge

6 |

7 | cc:  All Parties
     Brian P. Funk
     Michael Littman