# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff/Respondent,<br><br>    v.<br><br>JOHN WAYNE ALLEN,<br><br>            Defendant/Petitioner. | Civil Case No. 07cv1216 J<br>Criminal Case No. 06cr0325 J<br><br>**ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO AMEND** |

Before the Court is Petitioner John Wayne Allen's Motion for Leave to Amend ("MLA") his Habeas Corpus Motion to Vacate, Set Aside, or Correct Sentence ("Motion") pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court **DENIES** Petitioner's Motion for Leave to Amend.

## *Background*

On July 2, 2007, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. 2255. [Doc. No. 50.] Petitioner challenges his confinement on the basis that (1) initial counsel failed to move to exclude evidence; (2) initial counsel used false and misleading statements to induce him to enter into a plea agreement; (3) replacement counsel failed to make the court aware of problems concerning his plea agreement; and (4) replacement counsel failed to object to false, misleading, and prejudicial statements contained in his Presentence Report. On October 15, 2007, Respondent filed Government's

Response and Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. [Doc. No. 63]  On November 1, 2007, Petitioner filed his MLA. [Doc. No. 67.]

### *Legal Standard*

A party may amend a pleading once at any time before the responsive pleading is served. Fed. R. Civ. P. 15(a).  After the responsive pleading has been served, leave to amend a pleading shall be freely given when justice so requires.  *Id.*  Rule 15 has been interpreted liberally to favor amendments, and accordingly, "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *see also*, *Lockman Foundation v. Evangelical Alliance Mission*, 930 F. 2d 764, 772 (9th Cir. 1991); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The liberal policy in Rule 15, however, is not applicable when a district court has established deadlines through a Scheduling Order, pursuant to Rule 16(b). *See Johnson*, 975 F.2d at 607-08; Fed. R. Civ. P. 16.  Once the Court has issued a Scheduling Order, the schedule cannot be modified except by leave of the court upon showing of good cause.  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  The Court may modify the pretrial schedule for good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.  *See Johnson*, 975 F.2d at 609.  While the existence or degree of prejudice to the opposing party may provide additional reasons to deny a motion for leave to amend, the focus of the inquiry should be upon the moving party's reasons for seeking modification.  *See id.*  If that party was not diligent, the inquiry should end and leave to amend should not be granted.  *See id.*

### *Discussion*

Petitioner seeks leave to amend his Motion in order to include materials that support the grounds asserted therein.  [Doc. No. 67.]  Petitioner supports his request with a reference to this

///
///
///

2

Court's order denying Petitioner's Motion for Subpoena and in Camera Review of Correspondence and work product related to "specific issues of inadequacy" of his counsel during his plea and sentencing. (*Id.*) This Court denied Petitioner's motion for Subpoena and in Camera review, directing Petitioner and his former attorneys to work together to ensure that Petitioner be provided access to his case files. [Doc. No. 55 at 2.] Petitioner did not state whether, prior to the motion for Subpoena, he had ever even tried to request these materials from his attorneys. (*Id.*) This Court also stated that Petitioner failed to demonstrate that review of the case files were necessary to determine the merits of Petitioner's claim of ineffective assistance of counsel. (*Id.*)

      Petitioner has obtained the materials he sought and now moves to amend his Motion to include them. Since this Court issued a Scheduling Order, leave to amend should be granted only upon a showing of good cause. Fed. R. Civ. P. 16(b). In this case, Petitioner should not be allowed to amend his Motion because he has not shown the due diligence necessary for good cause. Petitioner filed his MLA after Respondent had already filed its responsive pleading and did not offer any reason for the delay. Moreover, Petitioner has not shown that the additional materials are necessary to determine the merits of Petitioner's claim of ineffective assistance of counsel. Indeed, this Court has already determined that it "need only examine the transcripts of Petitioner's change of plea and sentencing hearings, the plea agreement, Petitioner's prior convictions, the seriousness of his past conduct, the judgment in Petitioner's case, and the applicable sentencing guidelines to discern whether counsel should have raised an overrepresentation argument." [Doc. No. 55 at 2.] Under these circumstances, granting leave to amend would be futile. Furthermore, granting leave to amend would create undue delay and prejudice the opposing party, as Respondent has already filed its Response brief pursuant to the court's scheduling order. [Doc. No. 63.] Additionally, Petitioner has already filed his Traverse [Doc. no. 69]. Accordingly, the Court **FINDS** that pursuant to the procedural posture of this

///
///
///

action and the minimal value of the evidence Petitioner seeks to add to his claim, Petitioner has not demonstrated the good cause required for the Court to grant leave to amend the Motion.

### *Conclusion*

As such, the Court **DENIES** Petitioner's Motion for Leave to Amend.
**IT IS SO ORDERED**.

DATED:  April 21, 2008

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: All Parties