UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>JOHN WAYNE ALLEN,<br><br>Defendant/Petitioner. | Civil Case No. 07cv1216<br>Criminal Case No. 06cr0325<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255.** |

Before the Court is John Wayne Allen's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence ("Motion") pursuant to 28 U.S.C. § 2255. Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court ... claiming ... that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." The Court has determined that the issues presented are appropriate for decision without oral argument under Civ. L. R. 7.1.d.1. For the reasons set forth below, this Court **DENIES** Petitioner's Motion.

### *Background*

On May 22, 2006, Petitioner pled guilty to a one-count indictment charging him with Conspiracy to Distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846 and 841(a)(1). [Doc. No. 28 at 2.] On November 13, 2006, this Court sentenced Petitioner to 46

months in custody. [Doc. No. 48 at 2.] Pursuant to his plea agreement, Petitioner did not appeal his conviction or sentence. [Doc. No. 28 at 9.] On July 2, 2007, Petitioner filed the instant Motion. [Doc. No. 50.] On October 15, 2007, Respondent United States of America ("Respondent") submitted Government's Response and Opposition to Petitioner's Motion ("Response"). [Doc. No. 63.] On November 19, 2007, Petitioner submitted his Traverse to Government's Response and Opposition ("Traverse"). [Doc. No. 69.]

Petitioner challenges his confinement on the basis of ineffective assistance of counsel. Specifically, Petitioner claims that (1) initial counsel failed to move to exclude evidence; (2) initial counsel used false and misleading statements to induce him to enter into a plea agreement; (3) replacement counsel failed to make the court aware of problems concerning his plea agreement; and (4) replacement counsel failed to object to false, misleading, and prejudicial statements contained in his Presentence Report.

## *Discussion*

### I. Waiver of Right to Appeal

Petitioner seeks habeas relief on the basis of ineffective assistance of counsel. Respondent opposes Petitioner's claim, arguing that, as part of his plea agreement, Petitioner waived, to the full extent of the law, any right to collaterally attack his conviction and sentence. [Doc. No. 63 at 15.] The Ninth Circuit has upheld the validity of waivers of statutory rights, such as the right of appeal and collateral attack, in plea agreements. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990) (finding that it is not a due process violation for a defendant to waive, in an otherwise valid plea agreement, the statutory right of appeal). Courts will generally enforce a defendant's waiver of his right to appeal if (1) the waiver is knowingly and voluntarily made, and (2) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal. *See United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000); *United States v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998). However, "such a waiver does not include claims of ineffective assistance of counsel brought under 28 U.S.C. § 2255." *United States v. Baramdyka*, 95 F.3d

840, 844 (9th Cir. 1996); *see also United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (expressing "doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain.").

### 1. The Language of the Plea Agreement

"[P]lea agreements are contractual in nature and are measured by contract law standards." *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005) (quoting *United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir.2000)).  The plain language of a waiver in a plea agreement will be enforced, if clear and unambiguous. *Jeronimo*, 398 F.3d 1149 at 1153.  In this case, Petitioner "waive[d], to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order." [Doc. No. 28 at 9].   The language in the plea agreement clearly and unambiguously shows that both the Government and Petitioner contemplated that Petitioner would not file any collateral attacks on his conviction or sentence.

### 2. Knowing and Voluntary Waiver of Right to Collateral Attack and Appeal.

Petitioner's claim that he did not validly waive his right to appeal rests on whether his plea agreement was made knowingly and voluntarily.  "A colloquy satisfying Rule 11's requirements will lead to a plea being considered knowing and voluntary, unless some misrepresentation or gross mischaracterization by counsel has tainted the plea." *Jeronimo*, 398 F.3d at 1157 n.5; *see also Baramdyka*, 95 F.3d at 843 (holding that a district court's review of the charges and plea agreement terms, and questioning of the defendant to ensure he understood the plea agreement was sufficient to find a knowing and voluntary waiver).

In this case, Petitioner's plea colloquy was sufficiently thorough to satisfy the requirements necessary to find that Petitioner's waiver of the right to appeal was knowing and voluntary.  At the plea colloquy, the Court questioned Petitioner at great length to make sure that he understood the consequences of pleading guilty pursuant to the terms of the plea agreement. [Doc. No. 63-2.]  Under oath, Petitioner responded that he did. (*Id.*)  Specifically, Petitioner stated that he was in full possession of his faculties, that it was his desire to enter a plea of guilty, and that he had understood and signed the plea agreement. (*Id*. at 8-9).  Petitioner also affirmed

that he had told his attorney all of the facts and circumstances known to him about his case and that he had had enough time to discuss his case with him. (*Id*. at 13-14). Furthermore, Petitioner acknowledged that he understood the minimum and maximum sentences, and that the Court was not obligated to follow the sentencing guidelines. (*Id*. at 13-15). Finally, and most persuasively, Petitioner stated that he was pleading guilty freely and voluntarily. (*Id*. at 14). Indeed, Petitioner concedes in his Traverse that he made those statements at the plea colloquy and that he "had received adequate counsel, had understood that counsel, and was willingly acting in accordance with that counsel." [Doc. No. 69 at 2.] The Court's review of the plea agreement, along with the extensive questioning of Petitioner to ensure that he understood the implications of his guilty plea, suggests that Petitioner's waiver of direct and collateral appeal was made knowingly and voluntarily.

Petitioner asserts, however, that his statements made at the plea colloquy were based on ineffective assistance of counsel. (*Id*.) Because Petitioner raises ineffective assistance of counsel claims, his waiver does not cover such claims. *Baramdyka*, 95 F.3d 844; *Jeronimo*, 398 F.3d at 1156 n.4 ("Those of our sister circuits considering this issue have uniformly held that a waiver of 2255 rights cannot be enforced against a petitioner challenging the waiver's validity on ineffective assistance of counsel grounds."). Accordingly, the Court must next turn to the merits of Petitioner's ineffective assistance of counsel claims.

**II. Ineffective Assistance of Counsel**

The record suggests that Petitioner's waiver was made knowingly and voluntarily, but because Petitioner claims that his plea agreement was made based on ineffective assistance of counsel, the Court must review the substance of Petitioner's claims. In his motion, Petitioner requests relief under four claims of ineffective assistance of counsel. [Doc. No. 50 at 6-7.]

"A guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not 'a reasonably competent attorney' and the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To make out a claim of ineffective assistance of counsel under *Strickland*, Petitioner must show (1) "that counsel's performance was deficient" and (2) "the deficient performance prejudiced the

defense." *Id.* The *Strickland* test applies in full force in federal collateral proceedings. *Id.* at 697. Furthermore, the Ninth Circuit has applied the *Strickland* standard to claims of ineffective assistance of counsel during the plea bargain process in noncapital cases. *Washington v. Lampert*, 422 F.3d 864, 872-73 (9th Cir. 2005); *Riggs v. Fairman*, 399 F.3d 1179, 1182 n.3 (9th Cir. 2005).

Deficiency of counsel, the first prong of the *Strickland* test, "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." *Id.* at 688. Furthermore, judicial scrutiny of counsel must be highly deferential because of the risk that the benefit of hindsight would make the counsel's performance seem unreasonable. *Id.* at 689.

The second prong of the *Strickland* test requires that any deficiency of counsel also be prejudicial. *Id.* at 692. Therefore, even if a defendant is able to show that counsel acted unreasonably, he still must show that counsel's actions had an adverse effect on the outcome. *Id.* at 693. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

**1. Initial Counsel's Failure to Move to Exclude Evidence**

Petitioner claims that his "initial counsel failed to offer any ... motion[] to exclude evidence on the basis that the government controlled and manipulated the offense level by virtue of their [sic] undercover purchasing decisions and to quash the indictment based on the suppression of that evidence." [Doc. No. 50 at 6.] Petitioner also argues in his Traverse that the proper charge was not brought in his indictment. [Doc. No. 69 at 3.] He maintains that a sentencing entrapment argument should have been brought to the Court before he pled guilty, but that his initial counsel, Mr. Funk, ignored it. (*Id.*) This claim is undermined by the fact that Petitioner's replacement counsel did argue his sentencing entrapment theory to the Court at sentencing, which the Court rejected. [Doc. 63-2 at 22-23.] Furthermore, under *Strickland*, counsel's strategy is to be given great deference unless his "representation fell below an objective standard

of reasonablness." *Strickland*, 466 U.S. at 688.  Nothing in the record suggests that Petitioner was entrapped into committing the offense or that any evidence should have been suppressed. Therefore, Petitioner has not met the burden of showing that his initial counsel acted unreasonably or that his counsel's actions prejudiced his case.  Accordingly, Petitioner's first claim of ineffective assistance of counsel on this ground fails.

**2. Ineffective Counseling of Plea**

Petitioner's second claim is that his "initial counsel used false and misleading statements to induce [him] to enter into a plea agreement," and that, "as a result, [his] conviction was obtained by a plea of guilty that was not entered with a full and complete understanding of the consequences of that plea." [Doc. No. 50 at 6.]  More specifically, Petitioner asserts that his initial counsel gave him false information regarding his criminal history points and that his initial counsel failed to make an overrepresentation argument.  [Doc. No. 69 at 4.]  This claim also has no merit.

At the plea colloquy, the Court asked Petitioner's counsel what advisory guidelines and criminal history category he was anticipating would apply.  [Doc. No. 63-2 at 15.] Counsel responded what the parties had calculated, and that he was anticipating a criminal history category 1.  (*Id.*)  Petitioner can point to nothing in the record that shows that these were false and misleading statements meant to induce him into the plea agreement.  Furthermore, the Court informed Petitioner that these guidelines were only advisory, that the Court was not obligated to follow them, and that should the court "choose not to follow [them], that would not be a basis for [Petitioner] to withdraw [his] plea of guilty."  (*Id.*)  Petitioner responded that he understood. (*Id.*)  The Court also explained to Petitioner that the advisory guideline range for criminal history category 1 would be 37 to 46 months and that for criminal history category 2, it would be 60 months.  (*Id.*)  Therefore, Petitioner cannot claim that he entered into the plea agreement without a full and complete understanding of the consequences of the plea.  Because Petitioner was not safety valve eligible due to two petty theft convictions, the Court found that Petitioner was in a criminal history category 2.  [Doc. No. 63-2 at 25.]  Though Petitioner could have received a mandatory minimum of 60 months because of his criminal history category, he ultimately

received a sentence of 46 months, which would have been within the guideline range were Petitioner to have been in criminal history category 1.  This favorable sentence further undermines Petitioner's claim of ineffective assistance of counsel regarding his criminal history category because Petitioner cannot prove that his initial counsel's actions prejudiced his case.  Therefore, Petitioner's claim of ineffective assistance of counsel also fails on this ground.

### 3. Counsel's Failure to Follow Instructions

Petitioner's third claim is that "replacement counsel failed, after being instructed in writing to do so, to make the government and the court aware of the problems concerning [his] plea agreement, the argument for overrepresentation of his criminal history category, and [his] desire to amend [his] plea agreement to allow the court to hear that argument." [Doc. No. 50 at 6-7.]

Petitioner's claim is undermined by the fact that replacement counsel made a sentencing entrapment argument on behalf of Petitioner at his sentencing hearing.  [Doc. 63-2 at 21-23.]  Replacement counsel also argued that, but for Petitioner's petty theft convictions, one of which was eleven years old, he would have been in criminal history category 1.  (*Id*. at 22.)  Replacement counsel also informed the Court that he had drafted a motion for downward departure, and that he told Petitioner he could not file it "because it was a violation of the plea agreement; but even if the Court did depart down, safety valve was not eligible." (*Id*.)  It is also clear from the record that replacement counsel was following Petitioner's instructions because he stated, "I told my client I would argue these things to your Honor." (*Id*. at 23.)

As replacement counsel noted, even if counsel could have filed a motion with the Court, it would not have changed the Court's finding that Petitioner was in criminal history category 2, as Petitioner was not safety valve eligible.  Because replacement counsel made arguments about Petitioner's minimal criminal history and sentencing entrapment, counsel's actions did not fall outside the wide range of reasonable conduct under *Strickland*.  Furthermore, as replacement counsel's actions did not prejudice Petitioner, his argument of ineffective assistance of counsel has no merit.

**4. Replacement Counsel's Failure to Object to False Statements in the Presentence Report**

Petitioner's fourth claim is that "replacement counsel failed, after being instructed in writing to do so, to file a rebuttal objecting to false, misleading and prejudicial statements contained in [his] PSR causing the court to adopt such information as relevant conduct." [Doc. No. 50 at 7.] Of significance to the ineffective assistance of counsel claim is the fact that the asserted "false, misleading and prejudicial statements" in the PSR had no bearing on the sentence imposed.[1] As the Court explained at the Sentencing Hearing, "but for safety valve, the Court's calculation, or at least the government's recommendation, would not have started at the level 60. That's a matter of law that the Court has no power over, sir." [Doc. No. 63-2 at 23.] Therefore, Petitioner cannot meet the burden of showing that any deficiency of counsel was prejudicial.

*Conclusion*

For the foregoing reasons, the Court **FINDS** that Petitioner is not entitled to relief and **DENIES** the § 2255 Habeas Petition.

**IT IS SO ORDERED**.

DATED: April 21, 2008

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: All Counsel of Record

---

[1] Petitioner moved to amend his Petition to include the reasons for his dissatisfaction with his PSR. [Doc. No. 67.] The Court has issued an order denying Petitioner's motion to amend, in part on the basis that none of the deficiencies that Petitioner alleged occurred during his PSR, if taken as fact, had any bearing on the sentence.